ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JUAN VÁZQUEZ TORRES<br><br>Apelante<br><br>v.<br><br>ANDREA LINNETTE ACEVEDO PIÑERO<br><br>Apelado | KLAN202300975 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2022RF00573<br><br><br>Sobre: Filiación-Impugnación de presunción de paternidad/ maternidad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

Comparece Juan A. Vázquez Torres (Sr. Vázquez Torres o apelante) y nos solicita la revocación de la *Sentencia* que emitió y notificó el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) el 1 y 11 de septiembre de 2023, respectivamente. En ella, el foro primario desestimó con perjuicio la *Demanda*[1] sobre impugnación de paternidad que instó el Sr. Vázquez Torres en contra de Andrea Linnette Acevedo Piñero (Sra. Acevedo Piñero).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

El 18 de agosto de 2022, el Sr. Vázquez Torres incoó la causa de acción de epígrafe y allí expuso haberse realizado dos pruebas de paternidad que arrojaron un resultado genético negativo. Como parte de su reclamación, solicitó que se ordene al Registro Demográfico eliminar su nombre del encasillado correspondiente al nombre del padre del menor (SAVA). En respuesta, la Sra. Acevedo

---

[1] Apéndice, págs. 14-15.

Piñero presentó una alegación responsiva[2] en la cual expuso que, el Sr. Vázquez Torres reconoció voluntariamente al menor SAVA como hijo el 2 de enero de 2008 y que, presuntamente, declinó su derecho a realizarse la prueba de paternidad a la fecha de su nacimiento, a sabiendas de que la relación de pareja entre las partes no era exclusiva. Allí, también, solicitó la desestimación de la demanda por prescripción, para lo cual invocó el Artículo 575 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7129.

Al cabo de varios meses y en igual fecha, el foro primario le designó al menor una defensora judicial y ordenó al Sr. Vázquez Torres mostrar causa por la cual no debe desestimar su causa de acción. Lo antes, debido a que SAVA es parte indispensable y no obra como parte demandada.

En respuesta, el Sr. Vázquez Torres solicitó autorización para enmendar la demanda, producto de lo cual, el foro primario emitió una *Orden* y en ella le concedió un término perentorio de diez días para dar cumplimiento a su requerimiento previo. En atención a lo anterior, el 21 de marzo de 2023, el Sr. Vázquez Torres instó una *Urgente Moción Solicitando Tiempo Adicional y Orden de Protección del Bienestar del Menor S.A.V.A.* En ella, hizo constar que, el menor desconoce de la demanda de epígrafe por lo cual propuso remedios alternos que, a su entender, redundan en la protección y el bienestar del menor, entre ellos, que su emplazamiento se autorice a través de la Sra. Acevedo Piñero.

Separadamente, pero en igual fecha, el Sr. Vázquez Torres presentó la *Demanda Enmendada*[3] a los fines de incluir al menor como demandado. Por último, compareció mediante una moción en cumplimiento de orden.[4] En ella argumentó que, la Regla 4.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.5, autoriza que

---

[2] Apéndice, págs. 24-25.
[3] Apéndice, págs. 37-38.
[4] Apéndice, págs. 39-40.

el emplazamiento a un menor se realice a través de la defensora judicial o de la madre custodia. Lo antes, en su intento de evitar emplazar directamente al menor, quien desconoce sobre la existencia de la presente causa de acción. En respuesta, el foro primario decretó prematura la enmienda a la demanda.[5]

De otra parte, la Sra. Acevedo Piñero insistió en que procede la desestimación de la reclamación de epígrafe debido a que el Sr. Vázquez Torres no dio cumplimiento a la orden de mostrar causa del TPI. Expuso, además, que el Sr. Vázquez Torres declinó voluntariamente hacerse la prueba de paternidad hace 15 años.[6] A esos efectos, citó el Artículo 575 del Código Civil de Puerto Rico, *supra,* el cual provee un año para instar una acción de impugnación de paternidad, contado a partir de que el impugnador tiene indicios o conoce hechos que confieren una duda verdadera sobre un error en la filiación.

A lo antes, el Sr. Vázquez Torres ripostó que no es hasta el mes de julio de 2022 que conoció hechos que crearon duda sobre su paternidad cuando obtuvo un resultado negativo de la primera prueba genética realizada. Añadió que, la Sra. Acevedo siempre le hizo creer que SAVA era su hijo.

Análogamente, la Lic. Madeline Rosa Flores, defensora judicial de SAVA, instó un petitorio de desestimación[7] y allí discutió que el menor de edad cuya filiación se impugna es parte indispensable, sin que sea suficiente demandar a quien ostenta su patria potestad. Sostuvo que, el menor ha de ser emplazado personalmente con copia de la demanda, sin intermediarios, lo cual no ha ocurrido. Arguyó además que, la causa de epígrafe carece de especificidad en cuanto a las razones que motivaron al Sr. Vázquez Torres a realizarse la

---

[5] Apéndice, pág. 41.
[6] *Moción en cumplimiento de orden,* Apéndice, págs. 42-43.
[7] Apéndice, págs. 55-69.

prueba de paternidad y a la fecha cierta en que se originó la duda de su filiación.

En reacción, el TPI ordenó al Sr. Vázquez Torres emplazar al menor conforme a las Reglas de Procedimiento Civil en un término no mayor de 20 días. El 7 de julio de 2023, el Sr. Vázquez Torres compareció mediante *Moción aclaratoria y en solicitud que se expida emplazamiento para cumplimiento de orden.*[8] Alegó que, mantuvo en suspenso el emplazamiento del menor luego de que el TPI dispuso que la enmienda a la demanda era prematura. Allí, también, solicitó al foro primario que ordene la expedición del emplazamiento a favor del menor.

Luego de varias incidencias procesales que no es necesario pormenorizar, el foro primario se negó a desestimar la causa de epígrafe y ordenó el diligenciamiento del emplazamiento al menor mediante *Resolución* notificada el 10 de agosto de 2023. Sin embargo, el 24 de agosto de 2023, el Sr. Vázquez Torres instó una solicitud para expedir un nuevo emplazamiento. Ello, debido a que, el nombre del menor a emplazar consta escrito en el emplazamiento originalmente sometido con ambos apellidos de la madre, debido a un presunto error clerical.[9]

En reacción, el 4 de septiembre de 2023, la defensora judicial reiteró su petitorio de desestimación. Ello, bajo el fundamento de que, tomando como cierto que el 21 de julio de 2022 es cuando el Sr. Vázquez Torres conoció los hechos que crearon duda sobre su filiación con SAVA, ha transcurrido más de un año sin que el menor haya sido emplazado, por lo cual, a su entender, la presente causa de acción caducó por sus propios términos.

Evaluado lo anterior, el TPI emitió la *Sentencia* impugnada mediante la cual desestimó con perjuicio la demanda de epígrafe.

---

[8] Apéndice, págs. 70-71.
[9] Apéndice, pág. 72.

En su dictamen, el foro primario dispuso que, el menor es parte indispensable en la presente causa de acción de impugnación de paternidad y, por consiguiente, debió ser emplazado dentro del término de caducidad de un año que establece el Artículo 575 del Código Civil de Puerto Rico de 2020, *supra.* El referido dictamen fue objeto de reconsideración producto de lo cual, el 3 de octubre de 2023, el TPI notificó su *Resolución sobre Reconsideración* en la cual proveyó no ha lugar.

Inconforme, el apelante acude ante esta Curia mediante el recurso de epígrafe y argumenta que:

> Erró el TPI al tratar la contestación a demanda como una moción de desestimación sin la Apelada levantar defensas afirmativas y no aplicando la norm[a] de dar por ciertas las alegaciones en la demanda.

> Erró el TPI al resolver que el término de caducidad de un año en el Artículo 575 del Código Civil absorbe el término para emplazar de 120 días en la Regla 4.3 de Procedimiento Civil, pero al mismo tiempo, extendiendo el mismo lo suficiente para subsanar su error de no emitir emplazamiento a nombre del menor junto con su orden para emplazarlo dentro del término de caducidad que según su Sentencia absorbe el término para emplazamiento.

> Erró el TPI al computar contra el Apelante el término de meses que mantuvo la *Demanda Enmendada* paralizada al declararla "prematura" hasta el 5 de julio de 2023, cuando ordenó emplazar al Apelado S.A.V.A. y no adjudicar la moción solicitando autorización para enmendar la demanda por meses en violación a la Regla 24 de las Reglas para Administración del Tribunal de Primera Instancia.

En cumplimiento con nuestra *Resolución*, separadamente, la defensora judicial y la Sra. Acevedo Piñero comparecieron mediante sus respectivos alegatos en oposición. Argumentaron ambas que, ante un procedimiento de impugnación de paternidad, gobierna el Código Civil por encima de las Reglas de Procedimiento Civil. Añadieron que, el Sr. Vázquez Torres enmendó la demanda oportunamente a los fines de incluir al menor como demandado, sin embargo, no lo emplazó conforme a derecho y dentro del término de caducidad de un año que provee el Artículo 575 del Código Civil de

Puerto Rico, *supra*. Sobre tales bases exponen que, el foro primario actuó correctamente al desestimar la demanda de epígrafe.

Con el beneficio de las comparecencias de las partes, procedemos a resolver.

**II.**

**A. Impugnación de paternidad**

El Artículo 575 del Código Civil de Puerto Rico, *supra*, dispone un término de caducidad para instar una acción impugnatoria de paternidad o maternidad. En particular establece que: "[l]a acción para impugnar la paternidad o la maternidad caduca al año desde que el impugnador tiene indicios o conoce hechos que crean una duda verdadera sobre la inexactitud de la filiación."

En *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 675-676 (2012), el Tribunal Supremo resolvió que, transcurrido el término de caducidad que establece el Artículo 117 del Código Civil (hoy Artículo 575), la acción de impugnación de paternidad habrá muerto sin que el presunto padre legal pueda ejercer acción impugnatoria alguna, independientemente de que la paternidad se haya originado bajo la presunción matrimonial o por reconocimiento voluntario.

**B. Caducidad y prescripción**

El Tribunal Supremo de Puerto Rico ha expresado que, la diferencia crucial entre la caducidad y la prescripción es que la prescripción admite interrupción mientras que la caducidad no. *Bonilla Ramos v. Dávila Medina,* supra. Por consiguiente, ante una causa de acción con término de caducidad, el mero transcurso del tiempo extingue el derecho a instarla. *Íd.*

Surge claramente del Artículo 575 del Código Civil, *supra,* que el término aplicable a una causa de acción sobre impugnación de paternidad es de caducidad. Lo antes responde al interés del Estado de promover la estabilidad sobre las relaciones filiatorias. *Íd.* Transcurrido el término de caducidad, el estado filiatorio adviene

final, sin la posibilidad de que el padre ejercite una acción de impugnación, independientemente de si coincide o no la realidad biológica con la registral.

### C. Regla 10.2(6) de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, 2023 TSPR 5, resuelto el 20 de enero de 2023. Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas:(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Al evaluar una solicitud de desestimación bajo la Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Casillas Carrasquillo v. ELA,* 209 DPR 240, 247 (2022). Asimismo, el tribunal deberá examinar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Ante una solicitud de desestimación bajo el inciso (6) de la citada Regla 10.2 de Procedimiento Civil, *supra,* es necesario aclarar quiénes son parte indispensable. En lo pertinente, la Regla 16.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, dispone que son parte indispensable: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia [...]"

Entiéndase que, es indispensable aquella parte a quien se le violentaría su debido proceso de ley si se adjudica la controversia sin su presencia. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462 (2019).

Como se sabe, el propósito de la Regla 16.1, *supra,* es proteger a las personas, naturales o jurídicas, que no formen parte de un pleito, de los efectos que acarrea la sentencia dictada. *López García v. López García,* 200 DPR 50, 65 (2018). Al mismo tiempo, evita la multiplicidad de pleitos. *Íd.* Sobre el particular, nuestro más Alto Foro ha resuelto que, la falta de parte indispensable constituye una defensa irrenunciable, susceptible de invocarse en cualquier etapa de los procedimientos. *Íd.,* pág. 66. Lo anterior, debido a que, el efecto de no traer a una parte indispensable redunda en una violación a su debido proceso de ley. *Íd.* Por tanto, la ausencia de parte indispensable es un fundamento para dejar sin efecto una sentencia por nulidad. *HRS Erase v. CMT*, 205 DPR 689, 697 (2020). Ello, con el efecto de dejar sin jurisdicción al tribunal para resolver la controversia en ausencia de una parte indispensable. *López García v. López García,* supra, pág. 65.

De conformidad y debido a que la falta de parte indispensable afecta su jurisdicción, los tribunales pueden levantar la falta de parte indispensable *motu proprio. Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico y otros,* 2023 TSPR 26, resuelto el 14 de marzo de 2023. Valga recordar que, los tribunales deben ser celosos guardianes de su jurisdicción, por lo cual, todo asunto relacionado a la jurisdicción ha de ser atendido con primacía. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

**III.**

En el presente caso, nos corresponde resolver si el TPI actuó correctamente al desestimar la demanda sobre impugnación de paternidad que instó el Sr. Vázquez Torres. Por su estrecha relación entre sí, discutiremos los errores conjuntamente.

Surge del tracto procesal que, el apelante no incluyó al menor SAVA en la demanda original. Conforme a lo resuelto en *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019), el menor SAVA es parte indispensable en esta acción sobre impugnación de paternidad, en consideración al efecto que una acción de esta naturaleza puede tener sobre él.

A los fines de añadir al menor como demandado, el apelante enmendó la demanda. Ahora bien, no lo emplazó conforme a derecho antes de que caducara el año para la acción de impugnación. Puntualizamos que, por SAVA ser un menor de 15 años, era necesario entregarle una copia del emplazamiento y de la demanda a él personalmente, además de a su madre con patria potestad. *Rivera Marrero v. Santiago Martínez,* supra. Cabe destacar que, el incumplimiento con lo anterior privó al TPI de jurisdicción sobre dicho menor. *Íd.*

Según la normativa aplicable, los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción, sin discreción para asumirla donde no la hay. *Allied Mgmt. Group v. Oriental Bank*, supra. En el ejercicio de dicho deber, y según lo autoriza nuestro ordenamiento jurídico, ante la falta de parte indispensable el TPI, *motu proprio,* advirtió al apelante sobre la referida deficiencia.

Puntualizamos que, la causa de acción por impugnación de paternidad se rige por los términos que establece el Artículo 575 de nuestro Código Civil, *supra,* por encima de las Reglas de Procedimiento Civil, *supra.* Según expusimos anteriormente, a tenor del Artículo 575 del Código Civil de Puerto Rico de 2020, *supra,* el

término de un año para impugnar la paternidad es de caducidad y comienza a contar desde que quien la impugna conoce de hechos que le generan una duda verdadera sobre la inexactitud filiatoria.

El Sr. Vázquez Torres alega que, presentada la acción de impugnación de paternidad dentro del año de caducidad, comienza separadamente a transcurrir el término de 120 días que establece la citada Regla 4.3 de Procedimiento Civil para emplazar al menor. Reiteramos que, el Código Civil gobierna la acción de impugnación de paternidad para lo cual establece el término de caducidad de un año.

En el presente caso, el año de caducidad comenzó a partir del 21 de julio de 2022, fecha que consta en el resultado de la prueba genética del menor. Al tomar el 21 de julio de 2022 como punto de partida, el término de caducidad de un año venció el 21 de julio de 2023. Constatamos del expediente que, a esa fecha, el Sr. Vázquez Torres había instado la demanda original y la *Demanda Enmendada* incluyendo al menor SAVA como demandado. Sin embargo, no lo había emplazado. Valga aclarar que, el emplazamiento que sometió el apelante el 7 de julio de 2023 nunca fue diligenciado y adolecía de un error en el nombre del menor, específicamente, contenía los dos apellidos maternos. Es de notar que, el 9 de agosto de 2023, la Secretaría del TPI expidió el emplazamiento a favor del nombre incorrecto del menor, sin embargo, este nunca fue diligenciado.

Por todo lo anterior concluimos que, el foro primario actuó correctamente al ordenar al Sr. Vázquez Torres emplazar al menor SAVA conforme a derecho y previo al vencimiento del año que provee el Código Civil para este tipo de causa de acción. Vencido el término improrrogable de caducidad sin que el menor de 15 años fuese debidamente emplazado, a pesar de ser parte indispensable, la causa de epígrafe se extinguió por el mero transcurso del tiempo por

lo cual procede su desestimación con perjuicio. El TPI no incidió al decretar su desestimación. Los errores señalados no se cometieron.

**IV.**

Por los fundamentos que anteceden, confirmamos el dictamen apelado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  El Juez Rodríguez Flores, disiente con la siguiente expresión:  No puedo imputarle la extinción de la causa de acción al peticionario, ante el accidentado trámite del foro primario, al atender la desestimación, la demandada enmendada y orden para expedir el emplazamiento para el menor.  No hay controversia que el peticionario "instó" el pleito dentro del año (incluyendo al menor) y dentro del mismo término solicitó su emplazamiento.  Por otra parte, y a la luz de los hechos del caso, entiendo que el periodo de 120 días para emplazar, comenzó una vez el TPI autorizó a emplazar al menor.  Es decir, el término para emplazar es uno adicional al término para instar la acción de impugnación de paternidad. Por lo anterior, revocaría el dictamen del TPI, que desestimó sumariamente y sin vista.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones